**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| Kenneth Grimes | : | CIVIL ACTION |
| v. | : | |
| City of Philadelphia, et al. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
commonly referred to as complex and that need special or intense management by
the court. (See reverse side of this form for a detailed explanation of special
management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. (X)

| | | |
|---|---|---|
| 4-24-18 | Feeda R. Musitief, Esquire | Kenneth Grimes |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-665-0100 | 215-665-1393 | fmusitief@fineandstaud.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**
Kenneth Grimes

**DEFENDANTS**
City of Philadelphia

**(b)** County of Residence of First Listed Plaintiff
*(EXCEPT IN U.S. PLAINTIFF CASES)*
Philadelphia

County of Residence of First Listed Defendant *Philadelphia*
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Fine and Staud
1333 Race Street
Philadelphia, Pa. 19107

Attorneys *(If Known)*

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | **IMMIGRATION** | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

**V. ORIGIN** *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.
DEMAND $ ~~5000~~ 1,000,000
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes   ☐ No

**VIII. RELATED CASE(S) IF ANY**
*(See instructions)*:
JUDGE _____   DOCKET NUMBER _____

DATE  4-24-18
SIGNATURE OF ATTORNEY OF RECORD  X

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

# UNITED STATES DISTRICT COURT

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM** to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: _1720 S. 6th Street, Philadelphia, pa. 19142_

Address of Defendant: _1515 Arch Street, 13th Floor, Philadelphia, Pa. 19102_

Place of Accident, Incident or Transaction: _1720 South 60th Street, Philadelphia,pa. 19142_

*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))     Yes☐   No☒

Does this case involve multidistrict litigation possibilities?     Yes☐   No☒

*RELATED CASE, IF ANY*:

Case Number: _____   Judge _____   Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
     Yes☐   No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
     Yes☐   No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
     Yes☐   No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
     Yes☐   No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases*:

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. *Diversity Jurisdiction Cases*:

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify) _____

## ARBITRATION CERTIFICATION

*(Check Appropriate Category)*

I, _Feeda R. musitief_, counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: _4-24-18_     _Feeda R. Musitief, Esquire_     _202768_

Attorney-at-Law     Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _4-24-18_     _____     _202768_

Attorney-at-Law     Attorney I.D.#

CIV. 609 (5/2012)

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| KENNETH GRIMES | : | |
| 1720 S. 60th Street | : | |
| Philadelphia, PA 19142 | : | |
|        Plaintiff, | : | |
|     v. | : | |
| CITY OF PHILADELPHIA | : | |
| 1515 Arch Street, 13th Floor | : | |
| Philadelphia, PA 19102 | : | |
|      & | : | |
| POLICE OFFICER THEODORE MANKO JR | : | NO.: |
| Badge # 0961 | : | |
| 1515 Arch Street, 13th Floor | : | |
| Philadelphia, PA 19102 | : | |
|      & | : | |
| POLICE OFFICER GERARD BRENNAN | : | **JURY TRIAL DEMANDED** |
| Badge # 6408 | : | |
| 1515 Arch Street, 13th Floor | : | |
| Philadelphia, PA 19102 | : | |
|      & | : | |
| POLICE OFFICER GERALD MCLAUGHLIN | : | |
| JR | : | |
| Badge # 3467 | : | |
| 1515 Arch Street, 13th Floor | : | |
| Philadelphia, PA 19102 | : | |
|      & | : | |
| POLICE OFFICER MARY KUCHINSKY | : | |
| Badge # 0904 | : | |
| 1515 Arch Street, 13th Floor | : | |
| Philadelphia, PA 19102 | : | |
|      & | : | |
| POLICE OFFICER ANDREW MONROE | : | |
| Badge # 3399 | : | |
| 1515 Arch Street, 13th Floor | : | |
| Philadelphia, PA 19102 | : | |
|      & | : | |
| POLICE OFFICER KALIV IVY | : | |
| Badge # 1692 | : | |
| 1515 Arch Street, 13th Floor | : | |
| Philadelphia, PA 19102 | : | |
|      & | : | |
| JOHN DOES (1 through 10) | : | |
| 1515 Arch Street, 13th Floor | : | |
| Philadelphia, PA 19102 | : | |
|        Defendants. | : | |

## COMPLAINT

### I.      INTRODUCTION

This lawsuit seeks relief for the wrongful, unlawful and unconstitutional arrest, search, confinement, prosecution, and abuse of process against an African American male, Plaintiff, Kenneth Grimes.  In the early hours of May 10, 2014 Plaintiff Grimes was arrested behind his residence. Officers claimed the Plaintiff had fresh dirt on his clothing and was breathing heavily.  Plaintiff Grimes's residence was then searched, and he was charged with at least nineteen separate misdemeanor and felony charges for a carjacking that had occurred hours prior and a few streets away.  Plaintiff Grimes was incarcerated, then held under house arrest and required to wear a monitoring device until July 31, 2017, when all charges were dismissed.  The arrest, search, confinement, and prosecution of Plaintiff Grimes has/have caused him significant harm and difficulties.

### II.      PARTIES

1.      Plaintiff, Kenneth Grimes, is an adult African American male individual and a resident of the Commonwealth of Pennsylvania, City of Philadelphia, and resides at 1720 South 60th Street, Philadelphia, Pennsylvania.

2.      Defendant, City of Philadelphia, is a home rule municipality, meaning it is authorized by Pennsylvania's general assembly to exercise all powers and authority of local self-government and has complete powers of legislation and administration in relation to its municipal functions. Defendant, City of Philadelphia, maintains a police force, which acts under the direction, decisions, and customs of its policy makers.

3.      Police Officer Theodore Manko Jr., Badge #0961, is an adult individual believed to be an employee and police officer for Defendant City of Philadelphia and, at all times relevant, was involved in the acts, conduct, decisions, and circumstances leading to this litigation.

4.      Police Officer Gerard Brennan., Badge #6408, is an adult individual believed to be an

2

employee and police officer for Defendant City of Philadelphia and, at all times relevant, was involved in the acts, conduct, decisions, and circumstances leading to this litigation.

5. Police Officer Gerald McLaughlin Jr., Badge #3467, is an adult individual believed to be an employee and police officer for Defendant City of Philadelphia and, at all times relevant, was involved in the acts, conduct, decisions, and circumstances leading to this litigation.

6. Police Officer Mary Kuchinsky, Badge #0904, is an adult individual believed to be an employee and police officer for Defendant City of Philadelphia and, at all times relevant, was involved in the acts, conduct, decisions, and circumstances leading to this litigation.

7. Police Officer Andrew Monroe, Badge #3399, is an adult individual believed to be an employee and police officer for Defendant City of Philadelphia and, at all times relevant, was involved in the acts, conduct, decisions, and circumstances leading to this litigation.

8. Police Officer Kaliv Ivy, Badge #3399, is an adult individual believed to be an employee and police officer for Defendant City of Philadelphia and, at all times relevant, was involved in the acts, conduct, decisions, and circumstances leading to this litigation.

9. John Does (1 through 10), is/are an adult individual, and/or up to ten adult individuals, all believed to be employee(s) and police officers for Defendant City of Philadelphia—and/or working on Defendant City of Philadelphia's behalf—and, at all times relevant, was/were involved in the acts, conduct, decisions, and circumstances leading to this litigation.

10. Defendants Theodore Manko, Jr., Gerard Brennan, Gerald McLaughlin, Jr., Mary Kuchinsky, Andrew Monroe, Kaliv Ivy, John Does (1 through 10), and City of Philadelphia shall hereinafter be referred to collectively as Defendants.

11. At all times relevant, Defendants acted under policy, decision, custom, and/or acquiescence of all other named Defendants and thus all parties are/were bound by the actions of the other with regard to the facts and circumstances set forth hereafter.

3

### III.   JURISDICTION AND VENUE

12.    This Court has jurisdiction over the Plaintiff's claims pursuant to Federal Question jurisdiction.

13.    Venue is proper in the Eastern District of Pennsylvania pursuant to 28 U.S.C. Section 1391(a) in that Defendants are subject to venue in the Eastern District and all events giving rise to this action occurred in the Eastern District of Pennsylvania.

### IV.   OPERATIVE FACTS

14.    Plaintiff Grimes resides at 1720 South 60th Street, Philadelphia, PA, which is an end unit row home, or close to, and the residence is located one block from Cobbs Creek Park.

15.    An alleyway runs behind Plaintiff Grimes residence and this alleyway is enclosed in all directions except for the Southwest end where the alley meets the street, furthest from Plaintiff's home.

16.    In the early hours after midnight May 10, 2014, Defendants arrested Plaintiff Grimes in the alleyway directly behind, or close thereto, his residence.

17.    The officers claim Plaintiff Grimes had "fresh dirt" on his clothes and breathing heavily.

18.    Defendants reports state that evening two individuals were observed near a vehicle that had been reported stolen, and these individuals were chased into Cobbs Creek park.

19.    Plaintiff Grimes residence is between the location where these individuals were allegedly seen and the park.

20.    Moreover, Plaintiff Grimes disputes that he had anything to do with the carjacking and/or being observed near the vehicle or having been chased by police.

21.    Plaintiff disputes that he had fresh dirt on his clothing, or that he was breathing heavily.

22.    Plaintiff was searched and taken into custody and held overnight in jail.

4

23. In the late morning of May 10, 2014, Defendants searched Plaintiff Grime's residence and alleged seized contraband, much of which had nothing to do with an alleged carjacking.

24. The carjacking was reported by Sean Lyons and Naim Brown.

25. Neither Mr. Lyons nor Mr. Brown ever identified Plaintiff Grimes as the perpetrator, including during reviews of photographs, during a lineup, and during preliminary hearings.

26. Nevertheless, Defendants arrested Plaintiff Grimes and charged him with at least nineteen (19) different misdemeanors and felonies. *See* CP-51-CR-0004032-2015.

27. Plaintiff Grimes was incarcerated, placed on house arrest, and required to wear a monitoring device.

28. His matter was delayed years.

29. On July 31, 2017, on the eve of trial, the Honorable Mia R. Perez *nolle prossed* all charges against Plaintiff Grimes, and thus all criminal charges were dismissed.

30. It is alleged and therefore believed, Defendants arrest, search, confinement, and prosecution of Plaintiff Grimes was wrongful, and done with wrongful and discriminatory intent.

31. It is alleged and believed, that Plaintiff Grimes was discriminated against with respect to the foregoing because he is an African American male.

32. It is alleged and believed, Defendants lacked the requisite reasonable suspicion and/or probable cause to have arrested Plaintiff, performed a search, imprisoned, confined, and prosecuted Plaintiff Grimes.

33. It is alleged and believed that with wrongful and discriminatory intent, Defendants continued with his/her/their foregoing conduct against Plaintiff Grimes for reasons other than justice.

34. Defendants acted unreasonable and without justification.

35. As a direct and proximate result of the Defendants conduct, Plaintiff Grimes suffered incarceration, harm, humiliation, damage, injury, and other related injuries and harms.

36.     All Defendants were acting in his or her individual and/or official capacity.

37.     All actions were taken under the personal direction of Defendants and/or alternatively, the Defendants had actual knowledge and acquiescence in the activity.

38.     All of the foregoing conduct attributed to Defendants reasonably, foreseeably, knowingly, and causally resulted in the offenses to Plaintiff and his injuries and harms as set forth herein.

**COUNT ONE**
**UNLAWFUL SEIZURE (FALSE ARREST) 42 U.S.C. §1983**
**PLAINTIFF v. ALL DEFENDANTS**

39.     Plaintiff incorporates the foregoing paragraphs as though set forth at length herein.

40.      Defendants violated Plaintiff's constitutional rights by arresting, confining, detaining, and jailing Plaintiff without probable cause or privilege to do so.

41.     Defendants further violated Plaintiff's constitutional rights by arresting, confining, detaining, and jailing Plaintiff without probably cause, because he is an African American male.

42.     Defendants made false and malicious statements about Plaintiff's breathing and dirt on his clothing to support the wrongful arrest, search, and seizure of Plaintiff.

43.     Upon information and belief, Defendants actions were the direct and proximate result of Defendants having encouraged, tolerated, ratified and been deliberately indifferent to the following patterns, practices and customs, for which the foregoing incident was knowingly foreseeable, and to the need for more or different training, review, supervision, investigation or discipline in the areas of:

      a.   Inadequate and under training and supervision;

      b.   The use of false and malicious statements to secure arrests and search warrants;

      c.   The failure to identify and take remedial or disciplinary action against officers who were the subject of prior internal complaints or misconduct;

      d.   The inadequate hiring, retention, and lack of screening of officers, which showed

6

deliberate indifference to the foreseeable and obvious consequence of these actions;

e.  The failure to establish or remedy insufficient policies, procedures, directives, training, and/or instruction; and,

f.  Failing to take other action, evincing a deliberate indifference to the safety of Plaintiff when the foregoing incident was reasonably foreseeable.

44.  As a direct and proximate result of the action and conduct of Defendants, Plaintiff sustained emotional distress, psychological harm, fear, apprehension, anxiety, pain, suffering, embarrassment, humiliation, economic loss and damages, and loss of liberty; all to his great detriment.

45.  Defendants do not have a qualified immunity for his/her/their actions.

46.  Defendants did not have a warrant for Plaintiff Grimes's arrest or search.

47.  Defendants were not chasing Plaintiff Grimes and despite claims of heavy breathing, there was no exigency and Plaintiffs were aware of these facts when they claimed them and secured the arrest. Moreover, the individuals identified near the purportedly stolen vehicle and allegedly chased were not necessarily committing any unlawful act. As such, Defendants do not have a qualified immunity.

48.  Defendants' actions and conduct were executed pursuant to policy statement, ordinance, regulation, decision that was formerly adopted or promulgated, and/or pursuant to custom.

49.  Defendants failed to properly sanction or discipline employees, who were aware of, conceal, and/or aid violations of Constitutional rights of citizens by other Defendant employees, thereby causing and encouraging Defendant employees, including the Defendants in this case, to violate the rights of citizens such as Plaintiff.

50.  Defendants have, by the above-described actions, deprived Plaintiff of rights secured by the Federal and State Constitutions, in violation of 42 U.S.C. § 1983.

51.  Defendants contrived evidence about Plaintiff to support their wrongful motives.

52.     Similarly situated non-African Americans have been treated more favorably by Defendants than Plaintiff.

53.     The actions of Defendants, as described herein, subjected Plaintiff to a false arrest in violation of his rights protected by the Fourth Amendment in that Defendants did not have probable cause or reasonable suspicion to believe that Plaintiff had committed the above-mentioned crimes.


WHEREFORE, Plaintiff, Kenneth Grimes, requests the following relief from Defendants:

    a.      Compensatory damages;

    b.      Punitive damages;

    c.      Reasonable attorney's fees and costs;

    d.      Such other and further relief as appears reasonable and just; and

    e.      A jury trial as to each Defendant and as to each count.

## COUNT TWO
## UNLAWFUL SEARCH (TRESPASSING) 42 U.S.C. §1983
## PLAINTIFF v. ALL DEFENDANTS

54.     Plaintiff incorporates all of the proceeding paragraphs of this Complaint as though set forth fully at length herein.

55.     At all material times, Defendants searched Plaintiff's person and home without exigency, probable cause, and/or reasonable suspicion.

56.     At all times, Defendants did not have reasonable suspicion or probable cause to perform any of the searches of Plaintiff's home.

57.     Defendants made false and malicious statements to obtain a warrant to search Plaintiff's residence.

58.     Defendants search of Plaintiff's residence went beyond the scope of the search warrant.

59.     The timing of having obtained the search warrant was such that Defendants intentionally

8

disregarded information such as the fact the victims, Mr. Lyons and Mr. Brown, did not identify Plaintiff Grimes, and the inadequate amount of evidence supporting Plaintiff Grimes's arrest, to obtain the warrant and search.

60.     The actions of Defendants, as described herein, violated Plaintiff's right to privacy in his person and within his home, as protected by the Fourth Amendment to the United Constitution.

61.     The actions of Defendants, as described herein, were the result of discrimination.

62.     Defendants took some of Plaintiffs personal items in further violation of rights.

WHEREFORE, Plaintiff, Kenneth Grimes, requests the following relief from Defendants:

     a.    Compensatory damages;

     b.    Punitive damages;

     c.    Reasonable attorney's fees and costs;

     d.    Such other and further relief as appears reasonable and just; and

     e.    A jury trial as to each Defendant and as to each count.

**COUNT THREE**
**MALICIOUS USE OF CIVIL PROCESS (Initiation) &**
**ABUSE OF PROCESS (Continuation)**
**PLAINTIFF v. ALL DEFENDANTS**

63.     Plaintiff incorporates the foregoing paragraphs as though set forth at length herein.

64.     The actions of Defendants, as described herein, subjected Plaintiff to a malicious prosecution and abuse of process in violation of his rights, including those protected by the Fourth Amendment, in that Defendants lacked probable cause to initiate the litigation and then continued the litigation when Defendants knew it had no case but were instead seeking other ends than justice.

65.     Defendants initiated the criminal prosecution against Plaintiff and the criminal prosecution ended in Plaintiff's favor.

66.     The Defendants acted maliciously and for purposes other than bringing Plaintiff to

justice in initiating the litigation and keeping the litigation going.

67.     Plaintiff suffered deprivation of liberty as a result of the initiation and continuation of the prosecution as well as other harms as set forth above

68.     Defendants prosecution and abuse of process were the direct result of discrimination.

69.     Defendants continued with the prosecution of Plaintiff Grimes even after knowledge that the prosecution was unsupported by probable cause, and that Defendants' eyewitnesses would not swear to having observed Plaintiff Grimes being present or committing any crime(s).

70.     Defendants continued with the prosecution of Plaintiff Grimes even knowing that the search of his residence was entirely unconstitutional and based on contrived evidence and loaded charges against him in hopes that he would plea to a crime to avoid the weight of the potential jail time.

71.     Defendants continued to keep Plaintiff Grimes under confinement and monitoring for purposes other than bringing him to justice in the underlying criminal action.

WHEREFORE, Plaintiff, Kenneth Grimes, requests the following relief from Defendants:

      a.     Compensatory damages;

      b.     Punitive damages;

      c.     Reasonable attorney's fees and costs;

      d.     Such other and further relief as appears reasonable and just; and

      e.     A jury trial as to each Defendant and as to each count.

**COUNT FOUR**
**FALSE IMPRISONMENT**
**PLAINTIFF v. ALL DEFENDANTS**

72.     Plaintiff incorporates the foregoing paragraphs as though set forth at length herein.

73.     Defendants wrongful seizure, arrest, and prosecution of Plaintiff resulted in wrongful

10

imprisonment, confinement, and detainment, when Defendants lacked probable cause and/or privilege to do so.

74.     Defendants continued to imprison, confine, and detain Plaintiff when Defendants knew they did not have probable cause and/or privilege to do so.

75.     Defendants do not have a qualified immunity and the detention and continued confinement of Plaintiff was not for a reasonable or minimal amount of time.

76.     Defendants' actions were, at all times, intentional, willful, wanton, and with reckless or callous indifference to Plaintiff's federally and state protected rights and/or were motivated by evil motive or intent, and therefore justify the imposition of punitive damages.

77.     The actions of Defendants, as described herein, subjected Plaintiff to a false imprisonment in violation of his rights protected by the Fourth Amendment in that Defendants did not have probable cause or reasonable suspicion to believe that Plaintiff had committed the above-mentioned crimes.

WHEREFORE, Plaintiff, Kenneth Grimes, requests the following relief from Defendants:

a.     Compensatory damages;

b.     Punitive damages;

c.     Reasonable attorney's fees and costs;

d.     Such other and further relief as appears reasonable and just; and

e.     A jury trial as to each Defendant and as to each count.

FINE AND STAUD, LLC,

By: _____

FEEDA R. MUSITIEF, ESQUIRE
Attorney Identification No. 202768
Attorney for Plaintiff
FINE AND STAUD, LLC
1333 Race Street
Philadelphia, PA 19107
(215) 665-0100
fmusitief@fineandstaud.com

Date: ___4-23-18___