# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KENNETH GRIMES** | : | CIVIL ACTION |
| *Plaintiff* | : | |
| | : | NO. 18-1715 |
| v. | : | |
| | : | |
| **CITY OF PHILADELPHIA,** *et al.* | : | |
| *Defendants* | : | |

NITZA I. QUIÑONES ALEJANDRO, J.                                                               NOVEMBER 22, 2019

## MEMORANDUM OPINION

**INTRODUCTION**

Plaintiff Kenneth Grimes filed this civil action against Defendants City of Philadelphia (the "City") and Police Officers Theodore Manko, Jr., Gerard Brennan, Gerald McLaughlin, Jr., Mary Kuchinsky, Andrew Monroe, and Kaliv Ivy (collectively, the "Officer Defendants") (collectively with the City, "Defendants"), under 42 U.S.C. § 1983, in which he asserted claims for false arrest, false imprisonment, unlawful search, malicious use of civil process, and abuse of process. Before this Court is Defendants' motion for summary judgment filed pursuant to Federal Rule of Civil Procedure ("Rule") 56, [ECF 16], which Plaintiff has opposed. [ECF 17-18]. The issues raised by the parties have been fully briefed and are ripe for disposition. For the reasons set forth, the motion is granted and judgment is entered in favor of Defendants.

**BACKGROUND**[1]

In the complaint, Plaintiff alleges that his constitutional rights were violated when Defendants arrested, detained, and prosecuted charges against him without probable cause.

---

[1] The procedural and factual histories are known to the parties. Therefore, only the facts pertinent to the underlying motion will be discussed here. These facts are taken primarily from the parties' briefs and exhibits. To the extent that any facts are disputed, such disputes will be noted and, if material, will be construed in Plaintiff's favor pursuant to Rule 56.

Following the completion of discovery, Defendants filed the underlying motion for summary judgment. When ruling on a motion for summary judgment, a court must consider all record evidence and supported relevant facts in the light most favorable to the non-movant; here, Plaintiff. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Galena v. Leone*, 638 F.3d 186, 196 (3d Cir. 2011). The relevant facts are summarized as follows:

> On May 9, 2014, Officer Monroe and his partner, Officer Ivy, were flagged down by two individuals, Naim Brown and Sean Lyons, in the area of 58th Street and Willows Avenue, Philadelphia, Pennsylvania. Brown and Lyons informed the officers that they had just been robbed of their belongings and vehicle at gunpoint by two individuals. A description of the stolen vehicle and the two robbers was communicated over police radio to other officers in the area. Officers Brockington and Mitchell spotted a car that matched the description, and a foot chase of its two occupants ensued, with the suspects running into a wooded area.
>
> Sometime thereafter, Officers McLaughlin and Brennan, who had heard the descriptions of the two alleged robbers, encountered Plaintiff, who they believed fit one of the descriptions. At the time, Plaintiff appeared to be out of breath. The officers detained and frisked Plaintiff and found a bag of marijuana in his pocket. Plaintiff was then handcuffed and placed in a police vehicle. While in the police vehicle, Plaintiff received a phone call from his friend, Hakeem Brice, who was later positively identified by Lyons as one of the robbers.
>
> At Officer McLaughlin's request, Officers Monroe and Ivy brought the complainants to identify Plaintiff. Plaintiff was removed from the police vehicle and placed three feet in front of it while still in handcuffs. Officer Ivy shined a spotlight on Plaintiff, who was surrounded by six officers. According to the officers, within seconds, one or both of the complainants identified Plaintiff as one of the individuals who had robbed them.[2] Both complainants also provided a statement to the police identifying Plaintiff as one of the robbers. After the on-site identification, Plaintiff was arrested.
>
> The police found a Phillies hoodie that matched the description of an item taken from Lyons in the alleyway where Plaintiff was first detained. Defendant Officer Manko executed a search warrant on Plaintiff's home at 9:15 a.m., the next morning. The search resulted in the recovery of a handgun, narcotics paraphernalia, a scale, and a facemask.
>
> Plaintiff was charged with robbery, narcotics possession, and related offenses. During an April 16, 2015 preliminary hearing, Lyons disavowed his previous statements and testified that Plaintiff was not identified at the scene. On

---

[2] Plaintiff contends that this purported on-site identification was unduly suggestive.

2

August 1, 2017, all charges were dropped against Plaintiff. On April 24, 2018, Plaintiff commenced this action.

**LEGAL STANDARD**

Federal Rule of Civil Procedure 56 governs summary judgment motion practice. Fed. R. Civ. P. 56. Specifically, this rule provides that summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Id.* A fact is "material" if proof of its existence or non-existence might affect the outcome of the litigation, and a dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. Under Rule 56, the court must view the evidence in the light most favorable to the non-moving party. *Galena v. Leone*, 638 F.3d 186, 196 (3d Cir. 2011).

Pursuant to Rule 56, the movant bears the initial burden of informing the court of the basis for the motion and identifying those portions of the record which the movant "believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). This burden can be met by showing that the nonmoving party has "fail[ed] to make a showing sufficient to establish the existence of an element essential to that party's case." *Id.* at 322. After the moving party has met its initial burden, summary judgment is appropriate if the nonmoving party fails to rebut the moving party's claim by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers, or other materials" that show a genuine issue of material fact or by "showing that the materials cited do not establish the absence or presence of a genuine dispute." *See* Rule 56(c)(1)(A)-(B). The nonmoving party must "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The nonmoving party may not

rely on "bare assertions, conclusory allegations or suspicions," *Fireman's Ins. Co. of Newark v. DuFresne*, 676 F.2d 965, 969 (3d Cir. 1982), nor rest on the allegations in the pleadings. *Celotex*, 477 U.S. at 324. Rather, the nonmoving party must "go beyond the pleadings" and either by affidavits, depositions, answers to interrogatories, or admissions on file, "designate 'specific facts showing that there is a genuine issue for trial.'" *Id.*

**DISCUSSION**

In their motion for summary judgment, Defendants argue that Plaintiff's claims for false arrest, false imprisonment, unlawful search, and abuse of process are barred by the applicable two-year statute of limitations. Defendants further argue that each of Plaintiff's claims fails because the undisputed evidence of record demonstrates the existence of probable cause, which necessarily defeats Plaintiff's claims. This Court will address each of the parties' respective arguments.[3]

### *Plaintiff's Claims for False Arrest, False Imprisonment, Unlawful Search, and Abuse of Process Are Barred by the Two-Year Statute of Limitations*

Defendants argue that Plaintiff's claims for false arrest, false imprisonment, unlawful search, and abuse of process are each barred by the applicable two-year statute of limitations. This Court agrees.

It is well settled that the statute of limitations period for civil rights actions brought pursuant to § 1983 is the statute of limitations period for personal injury torts in the state where the alleged cause of action arose. *Wallace v. Kato*, 549 U.S. 384, 387 (2007); *Sameric Corp. of Delaware v. City of Philadelphia*, 142 F.3d 582, 599 (3d Cir. 1998). Because the events on which Plaintiff's claims are based occurred in Pennsylvania, Pennsylvania's two-year statute of

---

[3] Defendants also argue that they are shielded from liability on Plaintiff's underlying claims by qualified immunity. Because this Court concludes that Plaintiff's claims are either barred by the applicable statute of limitations or fail as a matter of law due to the existence of probable cause, this Court will not address Defendants' argument for qualified immunity.

4

limitations governing personal injury claims applies. *Koren v. Noonan*, 586 F. App'x 885, 889 (3d Cir. 2014) (citing *Wallace,* 549 U.S. at 387 and 42 Pa. Cons. Stat. § 5524). A cause of action generally accrues when the final significant event that would make the claim sustainable occurs. *Ross v. Johns-Manville Corp.*, 766 F.2d 823, 826 (3d Cir. 1985). A cause of action brought under § 1983 accrues and the statute of limitations begins to run when a plaintiff is, or should be, aware of the existence of the injury on which the claim is based. *Sameric*, 142 F.3d at 599.

Claims for false arrest and false imprisonment premised on an underlying arrest that was followed by criminal proceedings accrue when "the claimant becomes detained pursuant to legal process." *Wallace*, 549 U.S. at 397. Thus, the statute of limitations begins to run on such claims when legal process is initiated, *i.e.*, when a defendant is bound over by a magistrate judge or arraigned. *Id.* at 389-90; *Geness v. Cox*, 902 F.3d 344, 354-55 (3d Cir. 2018); *Woodyard v. Cty. of Essex*, 514 F. App'x 177, 184 (3d Cir. 2013). A claim for unlawful search accrues at the time of the search. *Nguyen v. Pennsylvania*, 906 F.3d 271, 273 (3d Cir. 2018); *Woodson v. Payton*, 503 F. App'x 110, 112 (3d Cir. 2012). A claim for abuse of process accrues at the time of arrest. *Rose v. Bartle*, 871 F.2d 331, 350 (3d Cir. 1989).

A statute of limitations period, however, can be tolled for statutory[4] or equitable reasons. *Schlueter v. Varner*, 384 F.3d 69, 75 (3d Cir. 2004). Generally, equitable tolling is appropriate under the following exceptional circumstances: "(1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordinary way has been prevented from asserting his or her rights; or (3) where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum." *New Castle Cty. v. Halliburton NUS Corp.*, 111

---

[4] Statutory tolling, as its name suggests, provides for tolling where it is expressly provided by a statute. This Court is unaware of any such statute that would apply here, nor has Plaintiff argued for such tolling.

5

F.3d 1116, 1125–26 (3d Cir. 1997) (quoting *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1387 (3d Cir. 1994)). Courts must use equitable tolling sparingly and must evaluate whether a plaintiff "has shown that he or she exercised reasonable diligence in investigating and bringing [the] claims." *Adams v. Wenerowicz*, 2013 WL 6692742, at *5 (E.D. Pa. Dec. 19, 2013) (quoting *Merritt v. Blaine*, 326 F.3d 157, 168 (3d Cir. 2003)).

Plaintiff's claims for false arrest, false imprisonment, unlawful search, and abuse of process are all premised on alleged actions taken by Defendants on May 9, 2014, the day he was arrested; an arrest that was followed by the initiation of criminal proceedings. Though the record does not reflect the date when Plaintiff was arraigned or formally charged, it does reveal that a preliminary hearing was held on April 16, 2015. As such, and in the absence of any tolling, Plaintiff was required to file any complaint raising these claims **by no later than** April 16, 2017.[5] Plaintiff did not file his complaint until April 24, 2018; thus, the claims are untimely.

In an attempt to overcome the statute of limitations, Plaintiff contends that his claims for abuse of process and false imprisonment were timely because he was incarcerated and his incarceration did not end until January 1, 2017.[6] In support, Plaintiff purports to rely on the unpublished decision in *Sears v. Atterbury*, 1989 WL 119111 (E.D. Pa. Oct. 6, 1989). Plaintiff's reliance on *Sears* is misplaced. In *Sears*, the plaintiff, like Plaintiff here, asserted claims under §

---

[5] Plaintiff's claims for unlawful search and abuse of process arguably accrued on the day of Plaintiff's arrest, such that the statute of limitations on these claims would have expired on an earlier date. In addition, in the likely event that Plaintiff was arraigned and/or held over for trial sometime before his preliminary hearing, the statute of limitations on Plaintiff's claims for false arrest and false imprisonment would have expired earlier than April 16, 2017. These earlier possible accrual dates, however, are of no consequence since Plaintiff did not file his claims until more than two years after the date of his preliminary hearing.

[6] Plaintiff makes this same argument with respect to his claim for malicious prosecution. However, Defendants have not sought dismissal of Plaintiff's malicious prosecution claim on the basis of the statute of limitations, presumably because such claim accrues at a later date.

6

1983 for false arrest, false imprisonment, and unlawful search. *Id.* at *1. The defendants therein sought dismissal based on Pennsylvania's two-year statute of limitations. *Id.* In response, the plaintiff argued that the statute of limitations should be tolled for all of his § 1983 claims during the period of his incarceration. *Id.* The court rejected plaintiff's tolling argument and dismissed the claims as time barred, noting that Pennsylvania tolling rules specifically provide that a plaintiff's imprisonment does not toll the statute of limitations. *Id.* at *2. Plaintiff's identical argument asserted here is likewise without merit.

Plaintiff next contends that his claims for false arrest and unlawful search should be subject to equitable tolling. Plaintiff's argument in this regard is without legal or factual merit. As noted above, under equitable tolling principles, an applicable statute of limitations can be tolled where a plaintiff shows that defendants actively misled the plaintiff with respect to the plaintiff's cause of action. *New Castle*, 111 F.3d at 1125-26. Here, Plaintiff baldly contends that Defendants "actively misled" him by misrepresenting the existence of the site identification of Plaintiff, which was allegedly not disclosed to him until August 1, 2017. (*See* Pltf's Resp. at p. 11). Plaintiff, however, points to no record evidence to support this contention. Moreover, the purported lack of the site identification was explored during Plaintiff's preliminary hearing on April 16, 2015, more than two years prior to the commencement of this underlying action. As such, Plaintiff has not established that Defendants misled him on these causes of action and his argument for equitable tolling is baseless.

*Plaintiff's Malicious Prosecution Claim*[7]

Defendants seek dismissal of Plaintiff's malicious prosecution claim on the basis that probable cause existed for Plaintiff's arrest and prosecution.[8] To establish a claim for malicious prosecution, a plaintiff must present evidence sufficient to meet five elements; *to wit*: (1) the defendant initiated the criminal proceeding; (2) the criminal proceeding ended in plaintiff's favor; (3) the proceeding was initiated without probable cause; (4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure because of the legal proceedings. *DiBella v. Borough of Beachwood*, 407 F.3d 599, 601 (3d Cir. 2005) (citing *Estate of Smith v. Marasco*, 318 F.3d 497, 521 (3d Cir. 2003)). In their motion, Defendants argue that Plaintiff has failed to meet his summary judgment burden with respect to elements one, three, and four. Plaintiff's failure to satisfy any of these elements is fatal to the claim. *Kossler*, 564 F.3d at 186. This Court finds that Plaintiff has failed to meet his summary judgment burden with respect to the third element, the absence of probable cause.

The concept of probable cause is "defined in terms of facts and circumstances 'sufficient to warrant a prudent [person] in believing that the [suspect] had committed or was committing an offense.'" *Sharrar v. Felsin*, 128 F.3d 810, 817–18 (3d Cir. 1997) (quoting *Gerstein v. Pugh*, 420 U.S. 103, 111 (1975)). Thus, the standard is an objective one to be applied based on the facts

---

[7] Unlike for claims of false arrest, false imprisonment, and abuse of process, the statute of limitations for a claim of malicious prosecution does not begin to run until the criminal proceedings against plaintiff are terminated in his favor. *Rose*, 871 F.2d at 348-49.

[8] Defendants actually seek dismissal of all of Plaintiff's § 1983 claims on the basis that Plaintiff has failed to show, and cannot show, the absence of probable cause. The absence of probable cause is a prerequisite for each of Plaintiff's claims. However, because this Court has already dismissed all but Plaintiff's claim for malicious prosecution as time-barred, it will direct its analysis with respect to the existence of probable cause only to Plaintiff's claim for malicious prosecution, though it applies equally to all of his claims.

available to the officers at the time of their alleged unlawful conduct. *Barna v. City of Perth Amboy*, 42 F.3d 809, 819 (3d Cir. 1994) (citing *Beck v. Ohio*, 379 U.S. 89, 96 (1964) and *Edwards v. City of Phila.*, 860 F.2d 568, 571 n. 2 (3d Cir. 1988)). Whether the accused is ultimately convicted is of no moment. "Evidence that may prove insufficient to establish guilt at trial may still be sufficient to find the arrest occurred within the bounds of the law." *Id.* (citing *Henry v. United States*, 361 U.S. 98, 102 (1959)).

In this Circuit, the term "probable cause" has been defined as follows:

> "Probable cause exists whenever reasonably trustworthy information or circumstances within a police officer's knowledge are sufficient to warrant a person of reasonable caution to conclude that an offense has been committed by the person being arrested." *United States v. Myers*, 308 F.3d 251, 255 (3d Cir. 2002). "A police officer may be liable for civil damages for an arrest if 'no reasonable competent officer' would conclude that probable cause exists." *Wilson v. Russo*, 212 F.3d 781, 786 (3d Cir. 2000) (quoting *Malley v. Briggs*, 475 U.S. 335, 341 (1986)).

*Spiker v. Whittaker*, 553 F. App'x 275, 278 (3d Cir. 2014); *see also Sharrar*, 128 F.3d at 818. The determination of probable cause must consider the totality of the circumstances and assess the knowledge of the arresting police officers at the time of the arrest. *United States v. Stubbs*, 281 F.3d 109, 122 (3d Cir. 2002). Further, "because '[p]robable cause does not require the same type of specific evidence of each element of the offense as would be needed to support a conviction, . . . the evidentiary standard for probable cause is significantly lower than the standard which is required for conviction.'" *Shelley v. Wilson*, 339 F. App'x 136, 138 (3d Cir. 2009) (quoting *Wright v. City of Phila.*, 409 F.3d 595, 602 (3d Cir. 2005)).

Generally, the question of whether probable cause existed for a police officer to support an arrest or search warrant is a fact question for the jury. *Sherwood v. Mulvihill*, 113 F.3d 396, 401 (3d Cir. 1997). Resolution of the issue at the summary judgment stage is appropriate, however, when the court concludes that probable cause exists as a matter of law because "the evidence,

viewed most favorably to the plaintiff, reasonably would not support a contrary factual finding."
*Id.*

In challenging the existence of probable cause, Plaintiff focuses primarily on his contention that the victims of the robbery denied having provided on-site identifications of Plaintiff at the time of his arrest, or, alternatively, that such on-site identifications were the product of an unduly suggestive on-site identification process. Plaintiff fails to recognize or address, however, the existence of other evidence that Plaintiff had committed the crimes eventually charged, which was obtained by the investigating police officers and passed on to the prosecutors. At the time the decision to charge Plaintiff with robbery, narcotics possession, and related offenses was made, Defendants had provided prosecutors evidence of the following:

- Plaintiff, who police believed matched the physical description provided by the two victims, had been stopped in an alleyway near the location where police had chased two suspects fleeing the immediate area of the stolen vehicle;
- When stopped, Plaintiff was out of breath, consistent with having just fled;
- Police found a hoodie reported stolen by the victims in the alleyway where Plaintiff was stopped;
- Police found marijuana in Plaintiff's possession;
- While detained, Plaintiff received a cell phone call from Hakeem Brice, later identified as the second perpetrator by one of the victims;
- Pursuant to a valid search warrant and search of Plaintiff's residence, the validity of which Plaintiff has not challenged, the police recovered a loaded firearm, facemask, and narcotics paraphernalia;
- Pursuant to a valid search warrant and search of Hakeem Brice's home, the validity of which Plaintiff has not challenged, the police recovered a gold Michael Kors watch that matched a description of a watch reported stolen by the victims.

Even in the absence of the challenged on-site identifications, the above-listed evidence was sufficient to substantiate the existence of probable cause to arrest and initiate criminal proceedings

against Plaintiff. In addition, after considering this evidence, as well as testimony from one of the two victims that essentially refuted having ever identified Plaintiff as one of the perpetrators, a magistrate judge independently concluded that there was sufficient evidence and probable cause to hold Plaintiff for trial on the charges. Under these circumstances, Plaintiff has failed to show, and cannot show, the absence of probable cause to initiate the criminal proceedings against him. As such, Plaintiff's claim for malicious prosecution fails as a matter of law.

### *Plaintiff's Monell Claims*

In his complaint, Plaintiff purports to assert these same § 1983 claims against the City. The City moves for summary judgment on these *Monell* claims on the basis that no such claim can exist where there is no underlying constitutional violation by the Officer Defendants. *See City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986). This Court agrees. Because Plaintiff has failed to meet his summary judgment burden with respect to his § 1983 claims against the Officer Defendants, his *Monell* claims against the City also fail as a matter of law. *Id.*

**CONCLUSION**

For the reasons stated herein, Plaintiff's § 1983 claims for false arrest, false imprisonment, unlawful search, and abuse of process are barred by the applicable two-year statute of limitations. In addition, these claims, as well as Plaintiff's § 1983 claim for malicious prosecution, fail as a matter of law because of the existence of probable cause. Plaintiff's *Monell* claims against the City also fail. Accordingly, Defendants' motion for summary judgment is granted. An Order consistent with this Memorandum Opinion follows.

*NITZA I. QUIÑONES ALEJANDRO, J*